UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| PAUL D. EVANS, | ) |
| | ) Case Number 24-50377 |
|     Debtor. | ) |
| | ) |
| GERARD R. VETTER, | ) |
| Acting United States Trustee For Region Four, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| *v.* | ) |
| | ) |
| | ) |
| PAUL D. EVANS, | ) |
| | ) |
|     Respondent. | ) |

**MOTION TO DISMISS CASE FOR ABUSE**

Gerard R. Vetter, Acting United States Trustee for Region Four (the "**United States Trustee**"), by counsel, moves for the entry of an order dismissing the above-referenced Debtor's presumptively abusive case under 11 U.S.C. § 707(b)(2) or, in the alternative, under 11 U.S.C. § 707(b)(3). In support of this motion, the United States Trustee respectfully states as follows:

JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are §§ 105(a) and 707(b)(1), (2), and (3) of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1

BACKGROUND

4.  The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 13, 2024. The petition, schedules, and statements filed in support of the petition [ECF #1] are incorporated by reference.

5.  The Debtor appeared at and testified at his first meeting of creditors on August 7, 2024.

6.  On August 19, 2024, the United States Trustee timely filed a statement of presumed abuse.

7.  This motion is timely filed.

8.  On Official Form 122A-1, the Debtor reported a below-median current monthly income of $6,105.67, and a household size of 1.

9.  The Debtor's payment advices indicate he should have reported a current monthly income of $6,757.25.[1]

10. On Official Form 106I ("**Schedule I**"), the Debtor disclosed monthly gross income of $6,666.83 and net income of $4,831.66.

11. On Official Form 106J ("**Schedule J**"), the Debtor disclosed monthly expenses totaling $4,785.00. Included in the monthly expenses is $1,000.00 for "support of children (2x $500)."

---

[1] The difference between the United States Trustee's calculation of current monthly income and the Debtor's relates to certain credit payments the Debtor receives that are reported in the "Deductions" portion of his payment advices. Specifically, it appears the Debtor did not include in his calculation the $2,400.00 "Auto Reimburse," $1,028.78 "Other," and $480.00 "Phone Reimburse" payments he received between January 1, 2024, and June 30, 2024. *See In re Tinsley,* 428 B.R. 689, 692 (Bankr. W.D. Va. 2010).

12. At his meeting of creditors, the chapter 7 trustee asked the Debtor if he paid child or spousal support. The Debtor answered "No." The chapter 7 trustee then asked, "You don't pay child or spousal support?" and the Debtor answered, "Correct, I do not."

13. Because the Debtor disclosed a below-median income on Official Form 122A-1, the Debtor did not complete Official Form 122A-2 (the "**Means Test**").

14. Had the Debtor correctly disclosed an above-median income on Official Form 122A-1, he would have had to complete the Means Test and report that the presumption of abuse arises in his case.

15. Had the Debtor completed the Means Test, the Debtor may have been entitled to the following deductions:

| Official Form 122A-2 Line | Potentially Allowable Amount | Potential Basis |
|---|---|---|
| 6 | $808.00 | 11 U.S.C. § 707(b)(2)(A)(ii) |
| 7g | $83.00 | 11 U.S.C. § 707(b)(2)(A)(ii) |
| 8 | $514.00 | 11 U.S.C. § 707(b)(2)(A)(ii) |
| 9c | $645.00 | 11 U.S.C. § 707(b)(2)(A)(ii) |
| 16 | as much as $1,316.25 | This is the average amount withheld each month from his payment advices between January 1, 2024, and June 30, 2024. The Debtor's federal income tax return indicates he received a refund for 2023, but his income was lower that year. |
| 18 | $24.32 | This is the average amount withheld each month from his payment advices between January 1, 2024, and June 30, 2024. |
| 23 | $80.00 | This is the monthly reimbursement the Debtor receives from his employer. |
| 25 | $295.46 | This is the average amount withheld each month from his payment advices between January 1, 2024, and June 30, 2024. |
| 36 | as much as $299.12 | 11 U.S.C. § 707(b)(2)(iii)(II). If the Debtor's auto reimbursement of $400.00 a month is a allowable as an expense or special circumstance, this amount may be $259.12. |

3

16. In summary, the Debtor should have disclosed current monthly income of $6,757.75 on line 39a of the Means Test, asserted deductions of not more than $3,766.03 on line 39b of the Means Test, and should have disclosed monthly disposable income of not less than $2,991.22 on line 39c of the Means Test.

17. The presumption of abuse arises in the Debtor's case.

18. Even if the presumption of abuse did not arise, the Debtor appears to have the ability to make payments to his creditors.

19. The Debtor's payment advices indicate he should have reported $5,312.73 on line 12 of Schedule I and line 23a of Schedule J.

20. Because the Debtor does not pay child support, he should have reported not more than $3,785.00 on Schedule J.

21. It appears the Debtor should have disclosed more than $1,500.00 on line 23c of Schedule J.

22. The Debtor scheduled unsecured claims totaling $59,063.00 on Official Form 106E/F.

23. According to Schedule I, the Debtor has been employed by "Kamps Pallets" for four years.

## BASIS FOR RELIEF

*A.  Granting The Debtor A Discharge Is Presumptively Abusive Under § 707(b)(2) Of The Bankruptcy Code.*

24. In considering whether the granting of a discharge would be an abuse of the provisions of chapter 7 of the Bankruptcy Code, the Court:

> shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—

>>    (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $9,075, whichever is greater; or
>>    (II) $15,150.

11 U.S.C. § 707(b)(2)(A)(i). Clauses (ii), (iii), and (iv) of § 707(b)(2)(A) set forth the allowable deductions that may be taken on the Official Form 122A-2. 11 U.S.C. § 707(b)(2).

25. The granting of a chapter 7 discharge to the Debtor is presumptively abusive under § 707(b)(2) of the Bankruptcy Code.

26. Because of the presumption of abuse arises and there appear to be no special circumstances sufficient to rebut the presumption exist, the case should be dismissed unless the Debtor voluntarily converts his case to chapter 13.

>   B. *Even If No Presumption Of Abuse Arose, Granting The Debtor A Discharge Would Be An Abuse Of Chapter 7 Of The Bankruptcy Code Pursuant to 11 U.S.C. § 707(b)(3).*

27. Section 707(b)(3) of the Bankruptcy Code states:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—
>
>   (A) whether the debtor filed the petition in bad faith; or
>   (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

28. The totality of the circumstances of the Debtor's financial situation demonstrates that it would be an abuse of the provisions of chapter 7 of the Bankruptcy Code for the Debtor to receive a chapter 7 discharge. By way of example and not limitation, it appears the Debtor: (i) has the ability repay his creditors whether inside or outside of bankruptcy; (ii) has filed inaccurate documents which failed to accurately reflect his true financial condition; (iii) did not file this case because of any financial calamity that rendered him unable to make payments on his debts; and

5

(iv) has consistent source of employment. Viewed under the totality of the circumstances of the Debtor's financial situation, the Court should dismiss the Debtor's case unless he voluntarily converts his case to chapter 13.

29. The United States Trustee reserves the right to alter, amend, and/or supplement the allegations contained herein as more information becomes available.

WHEREFORE, the United States Trustee, by counsel, respectfully requests the entry of an order dismissing the Debtor's case pursuant to § 707(b)(1) of the Bankruptcy Code unless the Debtor voluntarily converts his case to chapter 13.

Date: August 19, 2024        Respectfully submitted,

United States Trustee

By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee

6

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed a *Motion To Dismiss Case For Abuse* (the "Motion"). Unless an order is entered prior to the hearing, a **preliminary hearing** on the Motion will be held on **September 18, 2024, at 10:00 a.m.** via Zoom Video at https://vawb-uscourts-gov.zoomgov.com/j/1606409501; Meeting ID 160 640 9501.

**If you do not want the Court to grant the relief requested in the motion, then, pursuant to Local Rule 9013-1, you must file a response not later than 7 days prior to the scheduled hearing. Absent a timely filed response, a proposed order may be tendered to the Court dismissing the case and the Court may treat the motion as conceded and enter the proposed order without the necessity of holding a hearing.**

## CERTIFICATE OF SERVICE

I certify that on August 19, 2024, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including Debtor's counsel. On this same date, I caused copies to be mailed by first class mail to:

Paul D. Evans
257 E. 29th Street
Buena Vista, Virginia 24416

/s/ W. Joel Charboneau

W. Joel Charboneau (VSB #68025)
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov